1   CDF LABOR LAW LLP
        Dan M. Forman, State Bar No. 155811
2       dforman@cdflaborlaw.com
        Wanja S. Guy, State Bar No. 275734
3       wguy@cdflaborlaw.com
    707 Wilshire Boulevard, Suite 5150
4   Los Angeles, CA 90017
    Telephone:  (213) 612-6300
5
    Attorneys for Defendant
6   GRUMA CORPORATION dba MISSION FOODS

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MIGUEL ANGEL SAMPERIO on          ) Case No. 5:22-cv-01572
    behalf of himself and all others similarly )
12  situated,                         ) Related to *Miguel Angel Samperio, et al.*
                                      ) *v. Gruma Corporation dba Mission*
13              Plaintiff,            ) *Foods, et al.*, Case No. 5:22-cv-00969-
           vs.                        ) SVW-SP
14                                    )
    GRUMA CORPORATION dba             ) Removed From San Bernardino County
15  MISSION FOODS, a Nevada           ) Superior Court, Case No.
    corporation; and DOES 1 through 50, ) CIVSB2212841
16  inclusive,                        )
                                      ) **DEFENDANT GRUMA**
17              Defendants.           ) **CORPORATION'S NOTICE OF**
                                      ) **REMOVAL OF CIVIL ACTION TO**
18                                    ) **THE UNITED STATES DISTRICT**
                                      ) **COURT PURSUANT TO 28 U.S.C.**
19                                    ) **§§ 1332 (a), 1441(a) and 1446**
                                      )
20                                    ) Concurrently filed with:
                                      ) 1. Request for Judicial Notice;
21                                    ) 2. Declaration of Dan M. Forman;
                                      ) 3. Civil Cover Sheet;
22                                    ) 4. Certification and Notice of Interested
                                      ) Parties; and
23                                    ) 5. Notice of Related Cases
                                      )
24  _____ )

25

26

27

28

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF

2  MIGUEL ANGEL SAMPERIO AND HIS ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that Defendant Gruma Corporation ("Gruma"),

4  through its undersigned counsel, hereby removes the above-captioned action from the

5  Superior Court of the State of California, County of San Bernardino, to the United

6  States District Court for the Central District of California, based on the original

7  jurisdiction of this Court under 28 U.S.C. § 1332(a), and (c), and removal jurisdiction

8  under 28 U.S.C. §§ 1441(a), and 1446.  In support of this removal, Gruma states as

9  follows:

10                   **I. PLEADINGS, PROCESSES AND ORDERS**

11        1.      On or about June 17, 2022, Miguel Angel Samperio ("Plaintiff")

12  commenced this action by filing an unverified Complaint in the Superior Court of

13  California, County San Bernardino, captioned *Miguel Angel Samperio, individually*

14  *and on behalf of all aggrieved employees, Plaintiffs,  vs. Gruma Corporation dba*

15  *Mission Foods, a Nevada corporation; and DOES 1 through 50, inclusive,*

16  *Defendants*, and bearing the case number CIVSB2212841 (the "Action").[1]  A true

17  and correct copy of the Summons and Complaint and related papers are included in

18  **Exhibit A**.  Exhibit A constitutes all process, pleadings, and orders received by,

19  served on, filed by, or served by Defendant in the Action, as required by 28 U.S.C.

20  § 1446(a).

21        2.      Plaintiff's Complaint purportedly asserts representative claims on behalf

22  of himself and similarly situated aggrieved non-exempt employees ("Aggrieved

23  Employees") who were employed in California directly by Defendant at any time

24  from one year and sixty-five days prior to the filing of the initial complaint through

25  the present, pursuant to the Private Attorneys General Act, California Labor Code

26

27  [1] *Miguel Angel Samperio, et al. v. Gruma Corporation dba Mission Foods, et al.*,
    Case No.: 5:22-cv-00969-SVW-SP ("*Samperio I*") is a related case with overlapping
28  parties, witnesses, lawyers and issues.

                                        2
                                              DEFENDANT GRUMA CORPORATION'S
                                              NOTICE OF REMOVAL OF CIVIL ACTION

2043127.1

1  sections 2699, *et seq*. ("PAGA").  [*Id*. at 2:1-5, ¶¶ 1, 8, 17.]  Plaintiff's requested

2  relief is based on alleged violations of Labor Code sections 201-204, 226, 226.2,

3  226.3, 226.7, 510, 512,1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2800 and 2802

4  and all relevant sections of the applicable Wage Orders and seeks to recover civil

5  penalties pursuant to numerous Labor Code provisions, including sections 2699(a),

6  (f), 2699.3, and 2699.5, and attorneys' fees.  [*See* Ex. A, Compl., ¶¶ 5, 27, 28, 29, 31,

7  32 and *Prayer,* ¶¶ 1-2.]

8       3.    Plaintiff served the Summons and Complaint on Defendant on August 8,

9  2022.

10  **II.  <u>REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY</u>**

11  **<u>JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AND § 1441</u>**

12       4.    This court has original jurisdiction of an action based on diversity

13  jurisdiction, pursuant to 28 U.S.C. section 1332(a), where the matter in controversy

14  exceeds the sum or value of $75,000 and is between citizens of different states.

15  Plaintiff's claims as alleged in the State Court Action Complaint are removable to

16  this Court under 28 U.S.C. sections 1332(a), 1441 and 1446 because the Parties are

17  citizens of different states and the matter in controversy between them is greater than

18  $75,000, as set forth more fully below.

19  **III.  <u>SATISFACTION OF PROCEDURAL REQUIREMENTS OF 28 U.S.C. §</u>**

20  **<u>1446</u>**

21  **A.    <u>Venue</u>**

22       5.    In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the

23  District Court of the United States in which the action is pending.  The Superior

24  Court of California, County of San Bernardino is located within the Central District

25  of California.  *See* 28 U.S.C. § 84(c).  Therefore, this case should be removed to this

26  Court because it is the "district and division embracing the place where such action is

27  pending."  *See* 28 U.S.C. §1441(a).  Thus, this Court is the proper district court to

28  which this case may be removed.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

6.     The Central District is the proper venue to remove the Action to, as the action is currently pending in the San Bernardino Superior Court.

**B.     Timeliness**

7.     Less than thirty (30) days have passed since Plaintiff served his Summons and Complaint on Gruma on August 8, 2022.  Therefore, Gruma's Notice of Removal is timely in accordance with 28 U.S.C. section 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stinging, Inc.,* 526 U.S. 344, 353-56 (1999) (removal period begins when defendant is formally served).

**C.     Service and Filing of Notice**

8.     In accordance with 28 U.S.C. section 1446(d), Gruma is serving a copy of this Notice upon counsel for Plaintiff, and will file copies of this Notice with the Clerk of the Superior Court of California in the County of San Bernardino and with the Clerk of the Central District of California.  Gruma will promptly file true and correct copies of the Proof of Service regarding the Notice of Removal to Plaintiff and the state court.

## IV.  THIS COURT HAS JURISDICTION

**A.     The Parties Are Completely Diverse**

9.     Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  For diversity purposes, an individual is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place she resides with the intention to remain or to which she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.     The Complaint alleges that Plaintiff is a resident of California.  [*See* Ex. A, Compl. ¶ 11.]  Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

11.     Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed

4

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

1   to be a citizen of every State ... by which it has been incorporated and of the State ...

2   where it has its principal place of business."  The United States Supreme Court

3   established the proper test for determining a corporation's principal place of business

4   for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

5   The Supreme Court concluded that the "'principal place of business' is best read as

6   referring to the place where a corporation's officers direct, control, and coordinate

7   the corporation's activities."  *Id.* at 78.  The Court further clarified that the principal

8   place of business is the place where the corporation "maintains its headquarters –

9   provided that the headquarters is the actual center of direction, control, and

10  coordination." *Id.*

11          12.     Gruma, at the time of the filing of this action, and since, was

12  incorporated under the laws of the State of Nevada.  [*See* Ex. A, Compl. ¶¶ 2 & 12.]

13  Gruma Corporation's principal place of business and the location where its officers

14  direct, control, and coordinate its corporate activities was, at the time of the filing of

15  this action, and still is, in Irving, Texas.  [*See* Ex. A, Compl. ¶ 2; RJN 1, Gaitan

16  Decl., ¶ 4.]  Therefore, at all material times, Gruma has been a citizen of the State of

17  Nevada and the State of Texas, and not of the State of California, as it is neither

18  incorporated in California nor does it maintain its principal place of business in

19  California.

20          13.     Gruma is a citizen of the State of Nevada and the State of Texas, and

21  Plaintiff is a citizen of the State of California, complete diversity exists pursuant to

22  28 U.S.C. §1332(a).

23  **B.      The Amount-in-Controversy Requirement is Satisfied by Plaintiff's**

24          **Action**

25          14.     The allegations of the Complaint demonstrate that the amount-in-

26  controversy exceeds $75,000, as required by 28 U.S.C. section 1332(a).  By

27  estimating the amount Plaintiff may recover if he prevails, however, Gruma does

28  not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

2043127.1

1   is entitled to any money in any particular amount or at all.  Gruma reserves the full

2   right to dispute Plaintiff's claims with respect to both liability, damages, penalties,

3   and any amount of reasonable attorney's fees requested.

4           15.     Where, as here, the Complaint does not specify a particular amount of

5   damages, the removing defendant need only establish the amount in controversy by

6   a preponderance of evidence, *i.e.*, that it is more likely than not that the amount in

7   controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Guglielmino v. McKee*

8   *Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007); *Sanchez v. Monumental Life Ins.*

9   *Co.*, 102 F.3d 398, 404 (9th Cir. 1996).[2]  A defendant may show the amount in

10  controversy "by setting forth the *facts* in controversy ... that support a finding of the

11  requisite amount."  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.

12  1999).  In determining whether the jurisdictional minimum is met, the Court

13  considers all recoverable damages, including penalties and attorneys' fees,

14  including future fees, where recoverable by statute.  *See Hunt v. Washington State*

15  *Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Fritsch v. Swift*

16  *Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) ("if a

17  plaintiff would be entitled under a contract or statute to future attorneys' fees, such

18  fees are at stake in the litigation and should be included in the amount in

19  controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.

20  1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir.

21  1996).

22

23  [2]       An evidentiary showing is needed only if the amount in controversy alleged in
    the removal notice is challenged.  "[A] defendant's notice of removal need include
24  only a plausible allegation that the amount in controversy exceeds the jurisdictional
    threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554
25  (2014). "A removing defendant ... need only allege facts sufficient to establish a
    party's citizenship in its notice of removal; it need not adduce evidence supporting
26  those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, *6 (C.D.
    Cal. June 16, 2014); see also *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d
27  192, 200 (4th Cir. 2008) (A notice of removal is sufficient "if it alleges that the
    parties are of diverse citizenship and that the matter in controversy exceeds,
28  exclusive of interest and costs, the sum specified by 28 USC § 1332. …").

DEFENDANT GRUMA CORPORATION'S
                                          NOTICE OF REMOVAL OF CIVIL ACTION

2043127.1

1    Plaintiff's Action places amounts in controversy based on his requests for civil

2    penalties, and reasonable attorneys' fees and costs of suit.  [Ex. A, *Prayer,* ¶¶ 1-3.]

3    **1.    Plaintiff's Penalty Claims Add $1,087.50 to the Controversy**

4    16.    Plaintiff seeks to recover civil penalties from the "liability period"[3] to

5    the present.  [*See* Ex. A, Compl., ¶ 17.]  Between April 11, 2021 (the beginning of

6    the "liability period") and Plaintiff's last day of work on April 20, 2021, Plaintiff

7    worked during two (2) weekly pay periods.  [*See* Ex. A, Compl., ¶ 15; RJN 1,

8    Gaitan Decl., ¶ 11.]

9    17.    If Plaintiff prevails in the Action, he would be entitled to 25-percent

10    of the civil penalties recovered for violations allegedly committed against him

11    during the 2 pay periods at issue.  Plaintiff alleges that Defendant violated Labor

12    Code sections "201-204, 226, 226.2, 226.3, 226.7, 510, 512,1182.12, 1194, 1194.2,

13    1197, 1197.1, 1198, 2800 and 2802 and all relevant sections of the applicable

14    Wage Orders."  [*See* Ex. A, Compl., ¶¶ 5, 27, 28, 29, 32.]  Plaintiff claims that the

15    violations took place throughout Plaintiff's employment rather than as isolated

16    incidents.  [*See* Ex. A, Compl., ¶¶ 16-25.]  Plaintiff seeks to recover civil penalties

17    for each alleged statutory violation pursuant to the PAGA.  [*See* Ex. A, Compl., ¶

18    32 and *Prayer.*]  Accordingly, Plaintiff seeks civil penalties based on claims that he

19    suffered each alleged Labor Code violation during each of the 2 pay periods at

20    issue in the action.

21    18.    PAGA permits aggrieved employees to recover civil penalties for

22    violations of any Labor Code provision in accordance with "any provision of [the

23    Labor Code] that provides for a civil penalty to be assessed and collected" for such

24    violation.  Cal. Lab. Code § 2699(a).  Labor Code provisions specify civil penalties

25

26    _____

27    [3] Aggrieved employees have 1 year to file their PAGA notice. Plaintiff's PAGA
notice was filed on April 11, 2022. [*See* Ex. A, Compl., Ex. A.]  Thus, the limitations
period runs from approximately seven weeks before the end of Plaintiff's

28    employment.

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

2043127.1

for violations of sections 226, 510 and 1197.

        a.      Section 558 establishes a $50 civil penalty per pay period in which violations of Section 510 occurred. Cal. Lab. Code § 558(a)(1). Based on Plaintiff's claims that Defendant systematically failed to pay for all hours worked, Plaintiff has placed at least $**25.00** in controversy through his alleged violations of Section 510 [($50 x 2) x 25%].

        b.      Section 226.3 provides, "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation." Plaintiff has thus placed $**125.00** in controversy through his alleged violations of Section 226 [($250 x 2) x 25%].

        c.      Section 226(e) establishes a penalty of the greater of actual damages or $50 per pay period and $100 for each pay period that follows, up to $4,000 for violations of Section 226. Plaintiff has thus placed **$37.50** in controversy through his alleged violations of Section 226 [($50 + $100) x 25%].

        d.      Section 1197.1 establishes a $100 civil penalty per pay period in which violations of Section 1197 occurred. Cal. Lab. Code § 1197.1(a)(1). Plaintiff has thus placed $**50** in controversy through his alleged violations of Section 1197 [($100 x 2) x 25%].

        e.      Therefore, Plaintiff placed at least $237.**50** in controversy through these alleged violations.

19.     The PAGA also establishes an additional default civil penalty that aggrieved employees may recover for violations of Labor Code for which a civil penalty is not specifically provided. Cal. Lab. Code § 2699(f). The Labor Code does not specifically establish a civil penalty for violations of sections 201-204, 226.2, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1198, 2800 and 2802.

        a.      Section 2699(f) establishes a $100 civil penalty for each pay period in which an initial violation of the above-referenced Labor Code sections

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

2043127.1

occurred, and $200 per pay period for subsequent violations. Plaintiff has thus placed at least **$825.00** in controversy through his alleged violations of Sections, 204, 226.2, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1198, 2800 and 2802 (which total 11 potential Labor Code sections) [($100 x 11 violations) x 25%) + ($200  x 11 violations) x 25%].  And, he placed an additional **$25** in controversy through the alleged violations of Sections 201 or 202 (which are mutually exclusive), which could only occur in the last pay period of his employment [($100) x 25%].  In sum, Plaintiff has placed at least $**850.00** in controversy related to the Plaintiff's PAGA claims.

20.    In sum, Plaintiff put at least $**1,087.50** ($237.50+$850.00) in controversy for the recovery of Plaintiff's portion of civil penalties pursuant to the PAGA.

**2.    Plaintiff's Enhancement Award Adds $5,000 to the Controversy**

21.    Additionally, Courts regularly recognize a representative plaintiff's burdens and demands in prosecuting a representative action, relative to the nonparty employees, by awarding significant enhancement/incentive payments.  In 2015, the Northern District of California considered $5,000 incentives to be presumptively reasonable. *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (awarding $10,000 incentive award to PAGA and class representative).  These payments, typically $5,000, are often 10-20 times more than the average amount awarded to nonrepresentative employees.  *See Garrett v. Bank of America, N.A.*, 9 Trials Digest 22d 33, 2016 WL 11565386 (Cal.Superior) (Verdict and Settlement Summary), citing Plaintiff's Motion for Approval, 2016 WL 11430683, and the court's Order and Judgment, 2016 WL 11431495 ("[s]ervice awards of $25,000 each for [the three] plaintiffs" in a PAGA action); *Smith v. Am. Greetings Corp.*, 2016 WL 362395, *11 (N.D. Cal. Jan. 29, 2016) (awarding $5,000 to each named PAGA and class plaintiff); *Willner v. Manpower Inc.*, 2015 WL 3863625, *8 (N.D. Cal. June 20, 2015) (awarding $7,500 to a class

9

2043127.1

representative); *Fleury v. Richemont N. Am., Inc.*, 2008 WL 3287154, *6 (N.D. Cal. Aug 6, 2008) (awarding $5,000 to class representative); *Burden v. SelectQuote Insurance Services*, 2013 WL 3988771, *6 (awarding $5,000 to class representative $5,000). Therefore, an amount of at least **$5,000** in enhancement award should be considered for the purposes of establishing diversity jurisdiction. [*See* Ex. A, *Prayer*, ¶3.]

**3.** **Plaintiff's Attorneys' Fees Add Over $110,500 to the Controversy As Plaintiff Must Arbitrate Whether He May Be a Representative for PAGA Purposes**

22.    Plaintiff and Gruma entered into a mutually enforceable Arbitration Agreement (the "Agreement") so that either party is required to arbitrate:

> **any claim, dispute, or controversy** between Employee and Company … **including but not limited to**, **any claims** by Employee or the Company **for**: (a) wages, overtime, bonuses, or other compensation *or penalties* . . . (*See* RJN, 1; Gaitan Decl., Ex. A.)

23.    The Agreement is governed by the FAA. (*Id.,* Agreement, ¶ 9.) Moreover, in the Agreement, Navarro waived any right to proceed with a class or representative claim and agreed that "claims must be brought in a party's individual capacity and not in a class or collective capacity for any purported class of employees or agents, not in any other class or collective proceeding." (*Id.,* Agreement, ¶ 7.)

24.    *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) requires this Court to compel arbitration until such time as an arbitrator determines that the plaintiff has representational standing through his individual claims. ("*Viking River*"). *Viking River* overruled all California decisions that previously held that PAGA claims were not subject to arbitration as the FAA preempts such rulings. Moreover, *Viking River* concluded that a party to an arbitration agreement with a class waiver could not, as a matter of law, proceed as a representative of other

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

1 employees absent an arbitrator's findings. *Viking River*, supra, 142 S.Ct. at 1924-
2 25.

3      25.    In an employment case where the parties agreed to arbitration,
4 therefore, the attorneys' fees that Plaintiff may claim at the conclusion of a
5 successful arbitration necessarily must be measured for the purposes of
6 determining the amount in controversy before this Court.

7      26.    Even before *Viking River,* "courts have applied the … anti-
8 aggregation rule … to attorneys' fees" for determining the amount of attorneys'
9 fees allocated "to a named plaintiff in determining the amount in controversy."
10 *Prestwood v. Marriott Ownership Resorts, Inc.*, No. SACV1900766AGSSX, 2019
11 WL 2522674, at *4 (C.D. Cal. June 18, 2019). The application of the anti-
12 aggregation rule in PAGA actions, however, does not require ***equal*** allocation
13 between the PAGA plaintiff who commences the action and is actually represented
14 by counsel, and each current or former aggrieved employee of the defendant.

15      27.    *Viking River* reinforces the concept that "PAGA imposes a standing
16 requirement; to bring an action, one must have suffered harm." *Williams v.*
17 *Superior Court*, 3 Cal.5th 531, 558 (2017). Thus, to maintain this action, Plaintiff
18 must establish violations were committed against him in the same manner he
19 would if pursuing individual claims predicated on the same alleged violations that
20 support his PAGA claim.

21      28.    Given Plaintiff's requirement to establish standing, the amount of
22 current and future attorneys' fees placed in controversy are the same as though he
23 were pursuing individual claims predicated on the same alleged Labor Code
24 violations at issue in the action through arbitration.

25      29.    The amount of reasonable attorneys' fees in controversy may also be
26 ascertained based on affidavits submitted by counsel in other matters in which they
27 sought attorneys' fees. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898 (1984);
28 *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

2043127.1

1    1990).  Plaintiff's counsel, James R. Hawkins, hourly rate is $850. (*See* Forman

2    Decl. ¶ 6, Ex. B.)

3          30.    Mr. Hawkins, alone, at $850 per hour, would only need to spend 89

4    hours working on Plaintiff's prosecution in order to support an attorney fee award

5    to satisfy the $75,000 amount in controversy.  Conservative estimates of the time

6    required for investigating Plaintiff's claims (10 hours), propounding, responding

7    to, and reviewing discovery (30 hours), and preparing for and attending Plaintiff's

8    deposition (15 hours), one Person Most Qualified or FRCP 30(b)(6) deposition (15

9    hours), two fact witness depositions (15 hours), mediation and/or a mandatory

10   settlement conference (15 hours) and arbitration of the issue of Plaintiff's standing

11   (30 hours), would require 130 hours of Mr. Hawkins' time.  Accordingly, it would

12   be reasonable for the Court to use $110,500 as an estimate of the attorneys' fees

13   Plaintiff individually places in controversy because that amount is likely to be

14   incurred to prosecute Plaintiff's claims for the recovery of individual unpaid wages

15   and statutory penalties to establish that he is aggrieved and thus a proper

16   representative under the PAGA.  [Forman Decl., ¶ 7.]

17         31.    The total amount of attorneys' fees in controversy in this PAGA

18   action is greater than the $110,500.00 reasonably allocated to Plaintiff's

19   prosecution. California courts regularly award over $300,000 in attorneys' fees to

20   prevailing plaintiffs in PAGA actions that settle before trial.  *See Ortiz v Morgan*

21   *Stanley Smith Barney LLC*, No. CGC-17-560139, 2019 WL 3069389, at *1

22   (Cal.Super. May 13, 2019) ("approves the award of $577,500 in fees"); *Cisneros v*

23   *Lazy Dog Restaurants, LLC*, No. 56201700501824CUOEVT, 2019 WL 2814485,

24   at *1 (Cal.Super. June 04, 2019) ("fees in the amount of $366,630"); *Doe v*

25   *Google, Inc.*, No. CGC-16-556034, 2018 WL 3413942, at *1 (Cal.Super. June 25,

26   2018) ($346,118.20 awarded for attorneys' fees in a PAGA-only settlement).

27   Courts have even approved attorneys' fee awards in the millions of dollars for

28   PAGA-only settlements that did not require a trial.  *See Garcia v Macy's West*

12

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

1  *Stores, Inc.*, No. CIVDS1516007, 2017 WL 7049953, at *2 (Cal.Super. Sep. 13,

2  2017) (awarding attorney's fees of $4,166,666.67); *see also Garrett*, 2016 WL

3  11565386 ("$5 million to plaintiffs' counsel for attorney fees" in a PAGA action

4  claiming only that the employer failed to provide suitable seats.).

5       32.   **$110,500.00** is a reasonable sum for attorney's fees in determining the

6  amount in controversy.  [Forman Decl. ¶ 7.]

7       33.   In light of the above, Plaintiff has placed well in excess of **$110,500** in

8  attorney's fees into controversy by asserting violations of Labor Code sections

9  201-204, 226, 226.2, 226.3, 226.7, 510, 512,1182.12, 1194, 1194.2, 1197, 1197.1,

10  1198, 2800 and 2802, the applicable Wage Orders, and being required to arbitrate

11  those matters.

12       **4.    The Total Amount in Controversy Exceeds $116,587.50**

13       34.   The above calculations total over $116,587.50, **in excess of $75,000**.

14  They do not include the amount Plaintiff placed in controversy by requesting the

15  Court to award "other and further relief" the Court may deem just and proper.  [Ex. A,

16  *Prayer*, ¶3.]

17       35.   The evidence demonstrates that the potential recovery is greater than the

18  jurisdictional minimum of $75,000.

19       36.   Other courts have found the jurisdictional amount satisfied in

20  employment lawsuits where the specified damages were much less than the damages

21  Plaintiff seeks here.  *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D.

22  Cal. 2002) (jurisdictional minimum was satisfied in an employment discrimination

23  case where plaintiff's lost wages totaled $25,600, but plaintiff also sought unspecified

24  amounts in attorney's fees, punitive damages, and emotional distress damages); *White*

25  *v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (jurisdictional minimum was

26  satisfied in a wrongful termination case even though Plaintiff had only specified

27  $13,000 in damages from lost income because plaintiff also sought unspecified

28  amounts for loss of pay, impaired earning capacity, pre-judgment interest, court costs,

DEFENDANT GRUMA CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION

1  and emotional distress, attorneys' fees and punitive damages); *Singer v. State Farm*

2  *Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1996) (former $50,000

3  jurisdictional minimum was met where the plaintiff sought approximately $30,000 for

4  violation of contract, as well as additional tort damages and punitive damages).

5      37.    It is "more likely than not" that the amount at issue in this lawsuit

6  exceeds the minimum amount required for diversity jurisdiction. *See Sanchez*, 102

7  F.3d at 403-404.

8                          **V.  CONCLUSION**

9      38.    Based on the foregoing, this Court has jurisdiction on the grounds of

10  diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a).  Plaintiff is

11  not a citizen of the same state as Defendant. In addition, the claims of Plaintiff place

12  more than $75,000 in controversy and already have a related case before this Court.

13  Thus, removal to federal court is proper.

14      39.    In the event this Court has a question regarding the propriety of this

15  Notice of Removal, Defendant requests that the Court issue an Order to Show Cause

16  so that Defendant may have the opportunity to more fully brief the basis for this

17  removal, and/or order Plaintiff to file a statement of damages.

18      WHEREFORE, Defendant removes this action to this Court.

19

20  Dated:  September 7, 2022        CDF LABOR LAW LLP

21

22                          By:  _____/s/ *Dan M. Forman*_____

23                                  Dan M. Forman
                                    Attorneys for Defendant
24                                  GRUMA CORPORATION dba MISSION FOODS

25

26

27

28

14

2043127.1